# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| JOHN INGUI, | : | Bankruptcy No. 04-16847DWS |
| dba John Ingui, M.D., | : | |
| | : | |
| Debtor. | : | |
| | : | |
| VICTOR COZZONE, | : | Adversary No. 04-0868 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN INGUI, | : | |
| | : | |
| Defendant. | : | |

# ORDER

**AND NOW**, this 20th day of May 2005, upon consideration of the Motion of Victor Cozzone ("Plaintiff") for Reconsideration (the "Reconsideration Motion") of this Court's Order dated April 12, 2005 (the "Order");

**And** the Plaintiff having filed a Complaint seeking an exception to discharge under § 523(a)(6) of a judgment entered in the Court of Common Pleas of Philadelphia County (the "State Court Action") in favor of Plaintiff and against Debtor;

**And** the Order denying summary judgment to Plaintiff as the Court having concluded on the record made that the findings of the State Court Action did not establish the elements

of § 523(a)(6) under the principle of collateral estoppel, specifically that the issue in the State Court Action was identical to the issue in this adversary proceeding;

**And** the Reconsideration Motion averring that the Court erred in its legal conclusion by failing to give proper recognition to the decision of the Superior Court of Pennsylvania ("Superior Court Opinion") in affirming the judgment against Debtor;

**And** the portions of the Superior Court Opinion to which the Plaintiff refers the Court as dispositive are (1) its recognition that the Plaintiff alleged that "defendant intentionally, willfully and maliciously lied about his treatment and diagnosis of [plaintiff] and fabricated reports to bolster his lies...;" (2) defendant's failure to respond to requests for admission which then were treated as admissions at trial; (3) the trial court's entry of a directed verdict on the issue of liability finding, based on the admissions, that defendant "intentionally lied about his diagnosis of plaintiff" in documents he prepared;[1]

---

[1] I did not consider the Superior Court Opinion as related to the admissions because Plaintiff did not argue this point nor did he make the admissions part of the record on summary judgment. Rather he has supplemented the record now to include the admissions as well as the trial judge's ruling on Plaintiff's request for a directed verdict. Exhibit G and H to Reconsideration Motion. This is in reality a second attempt to prove his point. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 908 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). A party may not submit evidence that is not newly discovered in support of a motion for reconsideration. Id. at 909. The court in Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D. Va. 1977) stated that "[w]hatever may be the purpose of Rule 59(e) it ... [was not] ... intended to give the unhappy litigant one additional chance to sway the judge."

That being said I will nonetheless address the merits of his argument because Plaintiff is not foreclosed from filing another summary judgment motion, and it would be a colossal waste of judicial resources to try a case where the outcome had been determined by a prior proceeding.

**And** to sustain a cause of action under § 523(a)(6), the Plaintiff must prove intentional harm, not merely an intentional act with unintended injury, <u>Kawaauhau v. Geiger</u>, 523 U.S. 57, 118 S.Ct. 974 (1998);[2]

**And** the sole admission that determined liability in the State Court Action being that Debtor intentionally lied about his diagnosis of plaintiff which the State Court concluded was sufficient to direct a verdict as that admission established, <u>inter alia</u>, the tort of "injurious falsehood, Exhibit G at 224 and 231;"

**And** none of the findings (including the admissions[3]) establish that Debtor's intentional act of lying was committed with the intention of causing the injury for which the judgment was entered, <u>i.e.</u>, the harm arising from his loss of his suit against the Wolgins for defamation and intentional infliction of emotional distress;[4]

**And** thus upon review of Plaintiff's new arguments, the Court affirms its conclusion that the issue decided by the State Court is not identical to the issue presented in the § 523(a)(6) Complaint;[5]

---

[2] "The word "wilful' in (a)(6) modifies the word "injury" indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." "The (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend 'the consequences of an act', not simply 'the act itself.'" <u>Id.</u> at 977.

[3] Accordingly, I need not reach Debtor's argument that Pa.R.C.P. 4014 precludes their consideration for collateral estoppel purposes in a proceeding separate from the State Court Action in which they were admitted as evidence and formed the basis of a directed verdict.

[4] Even the jury findings of punitive damages fall short of the findings necessary for § 523(a)(6). It found that "the defendant's actions were outrageous and demonstrated a **reckless** indifference to the rights of the plaintiff. Transcript (6/7/00), Exhibit B at 144-45 (emphasis added).

[5] That is not to state that there may not be factual issues that have been decided in the State
(continued...)

Adversary No. 04-0868

**And** the Court having reviewed the parties' joint pretrial statement which raises the legal issue referred to in footnote 5 and noting the wholesale objections raised by defendant to the documents which plaintiff seeks to produce at trial;

It is hereby **ORDERED** that the Reconsideration Motion is **DENIED**.

                                                DIANE WEISS SIGMUND
                                                Chief U.S. Bankruptcy Judge

Copies to:

Kenneth L. Mirsky, Esquire
2033 Walnut Street
Philadelphia, PA  19103

Matthew R. Nahrgang, Esquire
35 Evansburg Road
Collegeville, PA  19426

---

(...continued)
Court Action that may not be revisited at trial under principles of collateral estoppel even though they are not identical to the findings that are necessary to enter judgment in this case.