# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re | : Chapter 7 |
| JOHN INGUI, | : Bankruptcy No. 04-16847DWS |
| dba John Ingui, M.D., | : |
| Debtor. | : |
| VICTOR COZZONE, | : Adversary No. 04-0868 |
| Plaintiff, | : |
| v. | : |
| JOHN INGUI, | : |
| Defendant. | : |

# MEMORANDUM OPINION

**BY:  DIANE WEISS SIGMUND, Chief Bankruptcy Judge**

Before the Court is the Motion in Limine (the "Motion") filed by John Ingui, the debtor/defendant ("Debtor") in this adversary proceeding[1] commenced by Victor Cozzone ("Plaintiff"), the holder of a judgment (the "Judgment") entered in the Court of Common Pleas of Philadelphia ("State Court Action"), seeking to except the debt represented

---

[1] At the pretrial hearing in this adversary case, I noted the Debtor's objections to the exhibits sought to be used by Plaintiff and was advised by Plaintiff's counsel that he intended to rely on them to present a documentary case. Accordingly, I directed Debtor's counsel to file a motion in limine to facilitate the conduct of the trial.

by the Judgment from discharge pursuant to 11 U.S.C. § 523(a)(6).  This is the third time I have addressed the effect of the State Court Action on the pending proceeding and the third time that I must reject the Plaintiff's efforts to use the outcome there to dispose of his complaint here.[2]  Because I find that Plaintiff may not use either the Judgment or the deemed admissions upon which the Judgment to establish the elements of §523(a)(6), the Motion seeking to exclude proposed Exhibits P-2 through P-5 and P-7 to the extent being offered for that purpose is granted.[3]

**BACKGROUND**

On October 23, 2000 Plaintiff secured the Judgment in the amount of $3,800,000 based upon a civil action for wilful misconduct, breach of contract and punitive damages.

---

[2] I visited this issue initially in connection with Plaintiff's Motion for Summary Judgment in which he sought entry of judgment under the doctrine of collateral estoppel.  I denied the motion concluding that the Plaintiff failed to establish that the issue in the State Court Action was identical to the issue before this court.  Plaintiff filed a motion to reconsider, presenting new facts and essentially seeking another bite at the apple.  While noting that the motion did not comply with Rule 59(e), I nonetheless addressed it on the merits and once again found that the issue in the State Court Action was not identical to the issue before this court. Because of my conclusion, I did not have to reach the question I now entertain, i.e., the evidentiary use in this proceeding of the deemed admissions that gave rise to the Judgment.

[3] Exhibit P-2 is the judgment dated October 23, 2000 in the State Court Action. Exhibit P-3 is the Request for Admissions.  Exhibit P-4 and P-5 are the transcripts of proceedings held in the State Court Action on June 6 and 7, 2000 respectively.  Exhibit P-4 is the argument and ruling on the motion for a directed verdict based on the admissions.  Exhibit P-5 is the jury verdict and assessment of damages. Exhibit P-6 is the Opinion of the trial judge in the State Court Action dated January 5, 2001.  Notably that document has never been supplied in these contested matters and on inquiry of Defendant's counsel (who objected to its admission), I learned he had never seen a copy.  As such, I will reserve ruling on this document until trial although the basis of my ruling will be consistent with the conclusions articulated herein.  Exhibit P-7 is the Superior Court opinion of the appeal of the State Court Action dated August 20, 2001.

Joint-Pretrial Statement, Statement of Uncontested Facts ¶¶ 1-3. (Doc. No. 30). Request for admissions were served in the State Court Action but never answered and accordingly the allegations were treated as admissions at trial. Paragraph 7 of the Request for Admissions stated "that the defendant intentionally lied about his diagnosis of plaintiff in the documents referred to above." Id. ¶¶ 4-6. That admission served as the basis for the entry of a directed verdict on the issue of liability for the tort of "injurious falsehood." Order dated May 20, 2005 (Doc. No. 33). I have already held that the admitted fact that the defendant intentionally lied about his diagnosis of the plaintiff is insufficient to establish the elements of § 523(a)(6) which require both an intentional act and the intention to cause the injury for which the Judgment was entered. Id. (*citing* Kawaauhau v. Geiger, 523 U.S. 57, 118 S.Ct. 974 (1998)).

The question before the Court now is whether the admission as reflected in the documents Plaintiff seeks to have admitted as trial exhibits may be used in this separate proceeding to prove any element of the cause of action *sub judice*. Debtor argues that as both Federal Rule of Civil Procedure 36 (applicable in bankruptcy by Fed.R.Bankr.P. 7036) and Pennsylvania Rule of Civil Procedure 4014 expressly limit the use of admissions to the pending proceeding and prohibit their use against the admitting party in any other proceeding, the documentary proof that Plaintiff seeks to present is precluded. Plaintiff counters that Federal Rule 36 does not apply in this proceeding since the requests for admission were propounded in the State Court Action which is governed by the Pennsylvania rules of procedure. While recognizing that the federal and Pennsylvania rules

are "almost identical," he asserts that as Pennsylvania law applies and there is no applicable Pennsylvania case law the question is open. Moreover, he argues that I should not follow <u>Matter of Cassidy</u>, 892 F.2d 637 (7th Cir. 1990) which Defendant cites as support for his position as it is not precedent in this Circuit. For the reasons that follow, I find Plaintiff's position unpersuasive.

## DISCUSSION

      Pennsylvania Rule of Civil Procedure 4014(d) provides:

      Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 212.3 governing pre-trial conferences, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him or her in maintaining the action or defense on the merits. <u>Any admission by a party under this rule is for the purpose of the pending action only and is not an admission by the party for any other purpose nor may it be used against the party in any other proceeding.</u> (Emphasis added.)

The explanatory comment to 4014 states that "[p]rior Rule 4014 has been completely revised to conform to Fed.R.Civ.P. 36 as amended in 1970 and notes that:

      "the amendments make the following significant changes in present practice:
        ....
      (8) Finally, subdivision (d) sets forth the terms under which an admission may be withdrawn or amended and the effect of possible prejudice to the inquirer from an amendment or withdrawal. <u>It also contains the important condition that the admission is localized in the pending action and cannot be used against him in any other proceeding.</u> (Emphasis added.)

Federal Rule of Civil Procedure 36 not surprisingly provides:

> (b) Effect of Admission.  Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.  Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.  <u>Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding</u>.  (Emphasis added.)

Notably the applicable language is identical to the language adopted by the Pennsylvania rules when the Pennsylvania rules were amended.  This is logical since the admission and the use of the admission will frequently involve different jurisdictions.  Accordingly, I see no reason to debate which rule- federal or state- applies since they are identical.  Moreover, while there may be no cases on the last sentence of Rule 4014(d), the Pennsylvania court expect the construction of Pennsylvania Rule 4014 to be consistent with the federal construction of Rule 36.  <u>Knight v. Girard Medical Center</u>, 623 A.2d 913, 916 (Pa. Cmwlth 1993).  It is therefore appropriate to refer to federal decisions construing Fed.R.Civ.P. 36(b) as guidance to the extent guidance is even necessary.

As both parties note, there is not much case law on this rule, perhaps explainable by the fact that it is clear on its face.  In any event, in the cases in which it has been discussed, it is apparent that the rule is to be applied as written.  In the <u>Matter of Cassidy</u>, 892 F.2d 637 (7th Cir. 1990), the court considered the use of admissions secured under Tax Court Rule 90 (which it noted was the equivalent of Federal Rule 36 as to the prohibition on use of admissions in other proceedings).  There the taxing authority sought to use the factual

finding based on a deemed admission that Cassidy acted fraudulently in filing his returns as evidence in a bankruptcy dischargeability proceeding.  The appellate court disagreed with the district court's conclusion that this factual finding estopped any contrary contention in the dischargeability action because the admissions from the tax court proceeding could not be used in the bankruptcy court.  The court stated that "it follows that the judgment of the Tax Court on that factual issue, which is based solely on the admissions, cannot be a bar in this later proceeding."  Id. at 640.[4]  See also Woods v. Robb, 171 F.2d 539, 541 (5th Cir. 1948) (noting that failure to answer requests for admissions in the pending civil trial was not excused based on the privilege against self-incrimination because they could not be used in any other proceeding); Seay v. International Association of Machinists, 360 F. Supp. 123, 124 and n.1 (C.D. Cal. 1973) (analogizing stipulations to admissions under Fed.R.Civ.P. 36 and noting that neither may be used in a subsequent proceeding); Weis-Fricker Export and Import Corp. v. Hartford Accident and Indemnity Corp., 143 F.Supp. 137, 138 (N.D. Fla. 1956) (analogizing a default judgment based on unanswered interrogatories to unanswered requests for admission under Rule 36(a) and observing that they would have no value in subsequent litigation).

---

[4] In footnote the court observed that this rule applied for admissions under Fed.R.Civ.P. 36 as well as Tax Court Rule 90.  As Plaintiff notes, the court's statements are *dicta* as Cassidy was precluded from relitigating dischargeability on other grounds, i.e., he had sought and obtained a ruling on the issue in the Tax Court and was judicially estopped from relitigating it again.  I agree with Plaintiff that I am not required to follow Cassidy not only for this reason but more fundamentally because it is not binding precedent.  However, I am not persuaded that its rationale is flawed and it should not be followed. Plaintiff argues that the decision reflects faulty reasoning in creating "two distinct classes of judgment... based merely on the type of evidence used."  Plaintiff's Memorandum in Opposition to Motion at 3 (unnumbered).  He offers no support for his contention.  Since I find that the plain language of the Rules states that this treatment is not only permissible, but required, I respectfully disagree.

-7-

Finding both federal and state procedural law to bar the use of admissions in a subsequent proceeding, it is clear that Plaintiff may not use the admissions or the findings of the State Court Action premised thereon as substantive evidence in this adversary case. The Debtor's Motion is thus granted. Moreover, this is the law of the case upon which evidentiary rulings will be made at trial should this issue recur with respect to Exhibit P-6 and non-documentary evidence.

                                                  DIANE WEISS SIGMUND
                                                  Chief U.S. Bankruptcy Judge

Dated:   July 6, 2005

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| JOHN INGUI, | : | Bankruptcy No. 04-16847DWS |
| dba John Ingui, M.D., | : | |
| | : | |
| Debtor. | : | |
| | : | |
| VICTOR COZZONE, | : | Adversary No. 04-0868 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN INGUI, | : | |
| | : | |
| Defendant. | : | |

# ORDER

**AND NOW**, this 6th day of July 2005, upon consideration of the Motion *in Limine* (the "Motion") filed by John Ingui, the debtor/defendant ("Debtor") in this adversary proceeding commenced by Victor Cozzone ("Plaintiff"), the holder of a judgment (the "Judgment") entered in the Court of Common Pleas of Philadelphia, seeking to except the debt represented by the Judgment from discharge pursuant to 11 U.S.C. § 523(a)(6), after notice and hearing and for the reasons stated in the accompanying Memorandum Opinion;

It is hereby **ORDERED** and **DECREED** that:

1. Debtor's Motion *in Limine* seeking to exclude proposed exhibits P-2 through P-5 and P-7 is **GRANTED** to the extent that Plaintiff seeks to use such documents to establish the elements of his § 523(a)(6) cause of action.

<u>Adversary No. 04-0868</u>

2. In light of the ruling herein and the colloquy at the May 24, 2005 pretrial hearing, the parties shall prepare an amended pretrial statement and file it with the Court on or before **July 22, 2005**.

_____<br>
DIANE WEISS SIGMUND<br>
Chief U.S. Bankruptcy Judge

<u>Copies to</u>:

Kenneth L. Mirsky, Esquire
2033 Walnut Street
Philadelphia, PA  19103

Matthew R. Nahrgang, Esquire
35 Evansburg Road
Collegeville, PA  19426

Dave P. Adams, Esquire
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107