UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| JOHN INGUI, | : | Bankruptcy No. 04-16847DWS |
| dba John Ingui, M.D., | : | |
| Debtor. | : | |
| VICTOR COZZONE, | : | Adversary No. 04-0868 |
| Plaintiff, | : | |
| v. | : | |
| JOHN INGUI, | : | |
| Defendant. | : | |

# MEMORANDUM OPINION

**BY: DIANE WEISS SIGMUND, Chief Bankruptcy Judge**

Before the Court is the Complaint of Victor Cozzone ("Plaintiff") seeking to have a judgment he secured in the Court of Common Pleas of Philadelphia County ("State Court") excepted from the Debtor's discharge pursuant to 11 U.S.C. § 523(a)(6). As the Plaintiff's only evidence was the civil action he filed against the Debtor in the State Court and the admission by the Debtor of the debt based on the judgment entered, I granted the Debtor's

motion under Fed.R.Civ.P. 52(c) (incorporated in bankruptcy proceedings by Fed.R.Bank.P. 7052) for judgment against Plaintiff at the conclusion of his case. My reasons for so doing follow.

**BACKGROUND**

On August 30, 2005 Plaintiff filed a six paragraph complaint (the "Adversary") averring that Debtor willfully and maliciously injured him as evidenced by the allegations of the foregoing civil action (the "Civil Action") and the jury's finding of compensatory and punitive damages in the amount of $3.8 million. Adversary ¶¶ 5, 6. Rather than plead any of the facts which he believes give rise to the non-dischargeability of the debt, he attached a copy of the Civil Action, Exhibit P-1, and jury award. In response, Debtor averred that a cancer related illness caused him to fail to timely respond to discovery and "the judgment was virtually entered by default as Defendant was precluded from participating in his own defense and having counsel represent him." Answer ¶ 5. I have since learned from dispositive motions filed in the Adversary that the judgment was based on deemed admissions which, as discussed below, Plaintiff has sought to utilize in lieu of making a further evidentiary record in this case.

On January 10, 2004 Plaintiff filed a motion for summary judgment (the "SJ Motion") contending that I should give collateral estoppel effect to the Civil Action to conclude that the Debtor willfully and maliciously caused injury to the Plaintiff so as to render the

judgment entered by the State Court non-dischargeable under § 523(a)(6).[1] The Debtor argued that collateral estoppel was inappropriate since the Civil Action asserted three grounds for recovery, only one of which presented the issue framed by the Adversary. In response, Plaintiff attached answers to jury interrogatories which I examined. Disagreeing with what those documents revealed, I denied the SJ Motion concluding that one of the necessary elements for application of the doctrine of collateral estoppel, i.e., that the issue decided in the prior adjudication was identical to the issue in the later action, was absent.

Plaintiff then filed a motion for reconsideration ("Reconsideration Motion") contending that I erred in my legal conclusion by failing to give proper recognition to the decision of the Superior Court of Pennsylvania ("Superior Court Opinion"). As I noted in my Order dated May 20, 2005, Doc. No. 33 (the "May 20 Order"), "the portions of the Superior Court Opinion to which the Plaintiff refers the Court as dispositive are (1) its recognition that the Plaintiff alleged that "defendant intentionally, willfully and maliciously lied about his treatment and diagnosis of [plaintiff] and fabricated reports to bolster his lies...;" (2) defendant's failure to respond to requests for admission which then were treated as admissions at trial; (3) the trial court's entry of a directed verdict on the issue of liability finding, based on the admissions, that defendant "intentionally lied about his diagnosis of plaintiff" in documents he prepared. I went on to state:

---

[1] That subsection provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

>   I did not consider the Superior Court Opinion as related to the admissions because Plaintiff did not argue this point nor did he make the admissions part of the record on summary judgment. Rather he has supplemented the record now to include the admissions as well as the trial judge's ruling on Plaintiff's request for a directed verdict. Exhibit G and H to Reconsideration Motion. This is in reality a second attempt to prove his point. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 908 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). A party may not submit evidence that is not newly discovered in support of a motion for reconsideration. Id. at 909. The court in Durkin v. Taylor, 444 F.Supp. 879, 889 (E.D. Va. 1977) stated that "[w]hatever may be the purpose of Rule 59(e) it ... [was not] ... intended to give the unhappy litigant one additional chance to sway the judge."
>
>   That being said I will nonetheless address the merits of his argument because Plaintiff is not foreclosed from filing another summary judgment motion, and it would be a colossal waste of judicial resources to try a case where the outcome had been determined by a prior proceeding.

May 20 Order at 2.

Reviewing the newly submitted documents, I affirmed my conclusion that the issue decided by the State Court was not identical to the issue presented in the Adversary. I stated that a cause of action under § 523(a)(6) requires proof of intentional harm, not merely an intentional act with unintended injury. Kawaauhau v. Geiger, 523 U.S. 57, 118 S.Ct. 974 (1998).[2] The sole admission that determined liability in the Civil Action was that Debtor intentionally lied about his diagnosis of plaintiff which the State Court concluded was sufficient to direct a verdict as that admission established, inter alia, the tort of "injurious falsehood." May 20 Order at 3. Since none of the findings (including the admissions)

---

[2] "The word "wilful' in (a)(6) modifies the word "injury" indicating that non-dischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." "The (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend 'the consequences of an act', not simply 'the act itself.'" Id. at 977.

-4-

established that Debtor's intentional act of lying was committed with the intention of causing the injury for which the judgment was entered,[3] the second element of § 523(a)(6) was not proven. I also found that the jury's finding that "the defendant's actions were outrageous and demonstrated a **reckless** indifference to the rights of the plaintiff" so as to impose punitive damages fell short of the findings necessary for § 523(a)(6) which requires an intentional act.

Defendant had objected to my consideration of the admissions and all documents that relied on the admissions, arguing that pursuant to Pa.R.Civ.P. 4014 they were inadmissible for collateral estoppel purposes in a proceeding separate from the Civil Action. Having concluded that the documents did not prove Plaintiff's case, I did not reach that procedural issue. However, as I then set the matter for trial and Plaintiff indicated his intention to rely on the same record, Debtor filed a motion *in limine* to preclude use of the admissions and the documents that relied on the admissions on these grounds. That matter was briefed and argued as well and once again decided adversely to Plaintiff. See Memorandum Opinion and Order dated July 6, 2005. Doc. No. 42. (the "July 6 Opinion"). Finding that Pa.R.Civ.P. 4014(d) and Fed.R.Civ.P. 36 bar the use of admissions in a subsequent proceeding, I held that Plaintiff may not use the admissions or the findings of the State Court Action premised thereon as substantive evidence in this Adversary. [4]

---

[3] The Civil Action states that Debtor, a psychiatrist, treated Plaintiff and in that connection created certain medical records that Plaintiff sought to utilize as evidence of intentional infliction of emotional distress in a defamation action by Plaintiff against Sidney Wolgin. The Wolgin litigation resulted in a defense verdict which Plaintiff attributes to Debtor's intentional failure to provide the subpoenaed records or support for his claim.

[4] Plaintiff filed a motion for leave to appeal this decision which was denied. Doc. No. 56.

Having so ruled, I allowed the parties to amend their joint pretrial statement so that Plaintiff could set forth the evidence he would elicit in support of his claim. Surprisingly Plaintiff chose not to put on a case but rather to once again rely on the deemed admissions that gave rise to the State Court judgment. At the trial of this matter, he once again moved the admission of Exhibits P-2, P-4 and P-5.[5] Debtor objected on the grounds that I had precluded their use by the July 6 Opinion. I concurred and denied admission of Exhibits P-2, P-4 and P-5. With only the Civil Action complaint and the Debtor's admission to the debt and judgment to support the Adversary, Plaintiff failed to establish his cause, and I entered judgment for Debtor.

**DISCUSSION**

This is the fourth time I have considered Plaintiff's position that he is entitled to a non-dischargeable judgment of $3.8 million based on a state court jury's reliance on admissions that Debtor intentionally lied about his diagnosis of Plaintiff and therefore committed the tort of injurious falsehood. After full briefing and legal argument, I concluded in the July 6 Opinion that the sole evidence that Plaintiff relies upon is not admissible. While the deemed admission could be utilized in the Civil Action, it cannot be used in this subsequent proceeding for the reasons set forth in the July 6 Opinion which is incorporated herein.[6]

---

[5] Exhibit P-1, the Civil Action, was admitted as it was not subject to the preclusion order.

[6] Rather than reiterate the applicable law upon which I based my conclusion, I will incorporate the July 6 Opinion in this Memorandum Opinion as if set forth in full. As the earlier Opinion was not published, I have attached it hereto as an addendum.

Plaintiff was made aware of the Court's view in this regard and has determined to put all his eggs in the collateral estoppel basket. With a view towards an appeal, he has offered nothing new at the trial of this matter. A central purpose of the Bankruptcy Code is to provide a procedure by which the poor but honest debtor can reorder his affairs, make peace with his creditors, and enjoy "a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." Local Loan Co. v. Hunt, 292 U.S. 234, 244, 54 S.Ct. 695, 699 (1934). Accord Insurance Co. of America v. Cohn (In re Cohn), 54 F.3d 1108, 1113 (3d Cir. 1995) ("The overriding purpose of the Bankruptcy Code is to relieve debtors from the weight of oppressive indebtedness and provide them with a fresh start.") For this reason, exceptions to discharge are strictly construed against creditors and liberally interpreted in favor of debtors. Id.; United States v. Stelweck, 108 B.R. 488, 495 (E.D. Pa. 1989). As the party objecting to discharge, Plaintiff must prove all of the elements of fraud by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 288-89, 111 S.Ct. 654, 660 (1991). While I recognize that Plaintiff was able to secure a $3.8 million judgment without a trial on the merits and is particularly loathe to concede that bankruptcy could deprive him of his award, an exception to the discharge of the judgment cannot be proven in a similar summary manner.

Moreover, and as I stated in the May 20 Order, even if admissible, the jury's findings did not establish the elements of § 523(a)(6) which require both proof of intentional harm and an intention to cause the injury resulting from the intentional act. Kawaauhau v. Geiger, 523 U.S. 57, 118 S.Ct. 974 (1998). The admission upon which the jury relied, i.e., Debtor's intentional lie, only addressed the first element of proof. There is nothing in the documents

-7-

that Plaintiff sought to introduce to prove his case that addresses whether Debtor intended to cause the injury that the jury found resulted from Debtor's failure to provide the records. Thus, even if the admissions and findings that flow therefrom were competent evidence in this proceeding, Plaintiff's proofs fall short of what is necessary to prove the elements of § 523(a)(6) by a preponderance of the evidence.

An Order consistent with the foregoing Memorandum Opinion shall issue.

DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

Dated:  March 10, 2006

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| JOHN INGUI, | : | Bankruptcy No. 04-16847DWS |
| dba John Ingui, M.D., | : | |
| | : | |
| Debtor. | : | |
| | : | |
| VICTOR COZZONE, | : | Adversary No. 04-0868 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN INGUI, | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 10th day of March 2006, upon trial of the Complaint of Victor Cozzone and for the reasons stated in the accompanying Memorandum Opinion;

It is hereby **ORDERED** and **DECREED** that judgment is entered in favor of the debtor/defendant John Ingui and against the plaintiff Victor Cozzone.

DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

<u>Copies to</u>:

Kenneth L. Mirsky, Esquire
2033 Walnut Street
Philadelphia, PA  19103

Matthew R. Nahrgang, Esquire
35 Evansburg Road
Collegeville, PA  19426

Dave P. Adams, Esquire
Office of the U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia, PA 19107